Argued and submitted March 4, decision of the Court of Appeals affirmed on
different grounds; judgment of the circuit court reversed, and case remanded to the
circuit court for further proceedings June 17, 1993

STATE OF OREGON,
*Respondent on Review,*

*v.*

JOHN GRAF,
*Petitioner on Review.*

(CC 900633472, 900633473, 900633474;
CA A69280; SC S39638)

853 P2d 277

Marc D. Blackman, of Ransom, Blackman & Weil, Port-land, argued the cause and filed the petition for petitioner on review.

Rives Kistler, Assistant Attorney General, Salem, argued the cause and filed the response for respondent on review. With him on the response were Theodore R. Kulongoski,

Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David K. Allen, Salem, filed an *amici curiae* brief on behalf of American Civil Liberties Union Foundation of Oregon, Inc., and Oregon Criminal Defense Lawyer's Association.

PETERSON, J.

## PETERSON, J.

Defendant, a former employee of the Oregon Department of Transportation (the department), was charged with crimes that allegedly occurred during his employment with the department. He asserts that the department coerced him into testifying at a pre-termination hearing and that he therefore is entitled to transactional immunity and dismissal of some of the criminal charges. The trial court agreed and dismissed two of the charges. The Court of Appeals reversed. *State v. Graf*, 114 Or App 275, 835 P2d 934 (1992). We affirm the decision of the Court of Appeals, but on different grounds.

Defendant was a department employee. In June 1990, as a result of alleged thefts from the department, the Union County Grand Jury issued three indictments charging defendant with five counts of theft. In September 1990, the department notified defendant by letter that "[p]otential cause exists for your dismissal from state service." Three of the five instances of misconduct listed in the September letter are essentially the same as the acts for which defendant was charged criminally. The September 1990 letter from the department to defendant stated that defendant's pre-termination hearing would take place on October 4, 1990, and that "[y]ou may refute the charges or present mitigating information * * * on October 4, 1990."

Defendant's lawyer replied to the department, stating:

"[B]ecause you are asserting that the burden is now on Mr. Graf to 'refute the charges' or face dismissal, it is important to put all appropriate parties on notice that [the department's] power to terminate Mr. Graf's employment unless he responds as scheduled constitutes 'compulsion' in a constitutional sense under Article I, § 12 of the Oregon Constitution."

Defendant's lawyer also stated that defendant's participation in the hearing would confer transactional immunity on him and would be the basis of a motion to dismiss any pending or future criminal charges.[1]

---

[1] *State v. Soriano*, 68 Or App 642, 644 n 3, 684 P2d 1220, *opinion adopted*, 298 Or 392, 693 P2d 26 (1984), summarizes testimonial immunity as follows:

"There are generally three kinds of testimonial immunity. They are: (1) transactional immunity, under which the witness is immune from prosecu-

Defendant attended the pre-termination hearing and testified. He then filed a motion to dismiss the criminal charges on the ground that his testimony at the pre-termination hearing was compelled within the meaning of Article I, section 12, of the Oregon Constitution,[2] and the Fifth Amendment to the Constitution of the United States,[3] and that he was therefore entitled to transactional immunity.

The state appealed the dismissal of the criminal charges, contending that defendant's testimony at the pre-termination hearing was not compelled testimony and that, in any event, defendant was not entitled to transactional immunity. The Court of Appeals held that defendant was compelled to testify within the meaning of Article I, section 12, and the Fifth Amendment. 114 Or App at 280. With respect to the claim of transactional immunity, the court reversed, holding that, in the absence of any statutory grant of immunity, defendant "is left with the usual remedy against unconstitutionally compelling testimony: suppression of his testimony before [the department], and any evidence derived therefrom, in the criminal proceeding." *Id.* at 282 (footnote omitted).

The dispositive issue, as we see it, is whether the trial court and Court of Appeals were correct in concluding that

tion for any offense to which the immunized testimony relates; (2) use and derivative use immunity, under which the witness is not immune from prosecution, but the state may not use the immunized testimony or any of its direct or indirect fruits; and (3) use immunity, under which the state may not use the immunized testimony in a prosecution of the witness, but may use evidence obtained through information contained in the testimony. Oregon has all three kinds: ORS 756.549(2), which provides: '[N]o person who testifies or produces evidence in accordance with subsection (1) of this section shall be prosecuted or subjected to any penalty or forfeiture concerning any matter about which he testified or produced evidence,' is a transactional immunity statute. ORS 136.619 * * * is a use and derivative use immunity statute. ORS 646.170, which provides that '[n]o information so obtained may be used against the defendant as a basis for a criminal prosecution under ORS 646.990(1)[,]' provides use immunity to the extent that it is an immunity statute at all."

[2] Article I, section 12, of the Oregon Constitution, provides in part:

"No person shall * * * be compelled in any criminal prosecution to testify against himself."

[3] The Fifth Amendment to the Constitution of the United States provides in part:

"No person * * * shall be compelled in any criminal case to be a witness against himself * * *."

defendant was compelled to testify. That question turns on the interpretation of regulations and statutes concerning termination of management service employees for disciplinary reasons, OAR 105-80-003 (1989)[4] and ORS 240.560. OAR 105-80-003 (1989) provided in part:

"(3) *Pre-Termination Proceeding*

When termination from State service is contemplated, the appointing authority shall give the employee an opportunity to be heard in a pre-termination proceeding before taking final action.

"(a) *Notice of Pre-Termination Proceedings*

The appointing authority shall deliver to the employee a notice in writing indicating that termination is being considered. The notice shall state the charges against the employee and such facts as are necessary to apprise the employee of the nature of the charges; indicate the time, date, and place of the employee's opportunity to refute the charges or present matters of mitigation to the appointing authority or a designee (designees); consequences of failure to appear; and state that the employee may be represented during the pre-termination proceedings. * * *

"* * * * *

"(d) *Failure to Appear*

The failure of the employee to offer any testimony or to appear at a scheduled suspension without pay or pre-termination meeting is the employee's waiver of the right to refute or present matters of mitigation but does not constitute any admission or denial of the charges. * * *

"(e) *Conduct of Meeting*

"(A) The appointing authority or designee shall conduct the meeting.

"(B) The appointing authority or designee may, at his or her option, appoint agency staff to attend the meeting and act as an investigation team.

---

[4] OAR 105-80-003 has since been amended. All references in this opinion are to the rule before amendment.

"(C)  The appointing authority or designee shall verify that the employee has read and understands the pre-termination notice.

"(D)  The appointing authority or designee shall inform the employee of the employee's right to refute the charges and/or present matters in mitigation and shall give the employee the opportunity to do so.

"(E)  The meeting shall not be a formal hearing procedure and shall not include rights of direct examination and cross examination of witnesses.

"(F)  The employee may be represented at the meeting by a representative of the employee's choosing.

"(f)  *Action after Meeting*

Within 21 calendar days after completion of the pre-termination meeting, the appointing authority shall determine if termination is warranted. If the appointing authority determines that the employee should be terminated, the appointing authority shall notify the employee by written notice, stating that termination action is being taken, the effective date of termination, and the charges and facts supporting the termination."

In addition to the pre-termination hearing, defendant was entitled to a post-termination hearing. ORS 240. 560(1) grants a right of appeal to a dismissed employee. The hearing on the appeal "shall be conducted as provided for a contested case in ORS 183.310 to 183.550." ORS 240.560(2). At the post-termination hearing, "if the board finds that the action was not taken in good faith for cause, it shall order the immediate reinstatement and the reemployment of the employee in the position without the loss of pay." ORS 240.560(4).[5] In the contested case hearing, all parties have the right to subpoena witnesses, ORS 183.440, to present evidence and cross-examine witnesses, ORS 183.450, and to appear in person or by authorized representative, ORS

---

[5] We note OAR 115-45-010(1). It requires an appealing employee to file a written appeal that lists "reasons why appellant believes the action was not in good faith for cause." OAR 115-45-030(6) imposes the burden of proof and the burden of going forward with the evidence on the agency.

183.455. Irrespective of the decision at the pre-termination hearing, an appealing employee is entitled to a post-termination hearing that considers the entire matter anew, a hearing at which the agency is required to prove that the action was taken "in good faith and for cause." ORS 240.560(4).

The key section of the rule is OAR 105-80-003(3)(d). The Court of Appeals interpreted that section as follows:

> "Because failure to appear and testify at the pretermination hearing would have resulted in defendant's being denied his right to a full due process post-termination hearing at which he could refute the charges and offer matters in mitigation, we conclude that he was compelled to testify within the meaning of the Fifth Amendment. He was forced to relinquish his constitutional right to remain silent in order to gain his right to a full due process hearing. Therefore, he is entitled to use and derivative use immunity under the federal constitution." 114 Or App at 280 (citation omitted).

The Court of Appeals erred in concluding that defendant was "compelled to testify" and that "failure to appear and testify at the pretermination hearing would have resulted in defendant's being denied his right to a full due process post-termination hearing at which he could refute the charges and offer matters in mitigation." *Ibid.* Paragraph (3)(d) *permits* the employee to *appear* (if he or she wishes to), either in person or by a "representative," and *permits* him or her to offer testimony, either the employee's own testimony or testimony of others (if he or she wishes to).

From the context of paragraph (3)(d) and other paragraphs of the rule, it is clear that the aim of the rule is to develop, at the pre-termination hearing, all facts relevant to the matter, so that the appointing authority can make a decision based on all the facts. Paragraph (3)(e) states in part:

"(D) The appointing authority or designee shall inform the employee of the employee's right to refute the charges and/or present matters in mitigation and shall give the employee the opportunity to do so.

"* * * * *

"(F) The employee may be represented at the meeting by a representative of the employee's choosing."

The rule invites rebutting and mitigating evidence from the employee. The hearing is the place and time when such evidence should be presented. The only compulsion from the rule is the compulsion inherent in any proceeding in which evidence is to be presented at a hearing. Failure to prevent evidence at the hearing waives the right otherwise to present such evidence *only before termination*.

One of the things that makes the pre-termination hearing procedures noncoercive is that the employee need not testify personally to preserve any claims or defenses. The employee or the employee's lawyer or representative can attend, offer testimony, and make legal or equitable arguments. Co-workers or supervisors or others who have pertinent information can be called as witnesses. Other evidence can be offered. In many situations a strong case for the employee can be made without having the employee testify personally. All that the employee need do in order to retain "the right to refute" or "present matters of mitigation" at the hearing is to appear, either personally or by a representative. Because the employee is not required to testify, and because the rule specifies that silence shall not constitute any admission of the charges, there is no compulsion to testify. Silence is just that — silence. It has no effect on the outcome of the proposed termination. If the employer has sufficient evidence of deficient job performance and believes that termination is appropriate, it may terminate the person, but the person's choice to be silent has had no effect whatever on the outcome of the pre-termination hearing.

Contrary to the assertion of defendant's lawyer in his letter to the department (quoted above), neither the department's letter nor the rule put any burden on defendant "to refute the charges or face dismissal." Saying that a rule is coercive does not make the rule coercive; saying "I feel coerced" when the rule is not coercive does not create coercion. Paragraph (3)(d) merely states explicitly what is implicit in OAR 105-80-003(3) — the pre-termination hearing is the place to present rebutting or mitigating evidence.[6]

---

[6] The Court of Appeals cited *Garrity v. New Jersey*, 385 US 493, 87 S Ct 616, 17 L Ed 2d 562 (1967). *Garrity* does not suggest or compel the result reached by the Court of Appeals. *Garrity* involved criminal charges against police officers for fixing tickets. After an investigation by the New Jersey Attorney General, the defendants

The Court of Appeals erred in concluding that defendant "was forced to relinquish his constitutional right to remain silent in order to gain his right to a full due process hearing." 114 Or App at 280. Because we conclude that OAR 105-80-003(3) exerted no compulsion on defendant to testify at the pre-termination hearing, we do not reach the transactional immunity issue.[7]

The decision of the Court of Appeals is affirmed on different grounds. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

were required to answer questions or be subject to removal from office. The Supreme Court of the United States held that, because the choice was between self-incrimination or job forfeiture, the procedure was coercive. 385 US at 496. No such circumstances exist in the case at bar. Defendant was not required to testify or lose his job. As stated in the text, the rule expressly provides that failure to testify constitutes neither admission nor denial of the charges.

[7] The Court of Appeals opinion states:

"However, having testified under compulsion without a grant of immunity, [defendant] is left with the usual remedy against unconstitutionally compelling testimony: suppression of his testimony before [the department], and any evidence derived therefrom, in the criminal proceeding. *See Garrity v. New Jersey, supra.*" 114 Or App at 282 (footnote omitted).

Because of our resolution of the case, we need not and do not address that matter.